UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
BETTY GENE ALI,                )
                               )
          Plaintiff,           )
                               )
     v.                        )    Civil Action No. 02-2271 (RWR)
                               )
MID-ATLANTIC SETTLEMENT        )
SERVICES, INC., et al.,        )
                               )
          Defendant.           )
_____)
```

MEMORANDUM OPINION AND ORDER

Plaintiff Betty Gene Ali has moved for reconsideration of the order denying sanctions in the form of attorney's fees and expenses incurred in preparing and litigating her motion for default judgment against defendant Anthony Noble.  Ali has also moved to certify an interlocutory appeal from the decision to permit Noble to file a verified answer to avoid a default judgment.

Ali's motion for reconsideration will be granted.  Upon reconsideration, because Noble's actions that prompted Ali's motion for default judgment and the ensuing litigation were willful and repeated, and caused unnecessary delay and cost in violation of Rule 11 of the Federal Rules of Civil Procedure, monetary sanctions will be imposed on Noble.  Because the law in this circuit overwhelmingly favors a trial on the merits over a default judgment, there is no controlling issue of law for which

there is a substantial ground for a difference of opinion, and Ali's motion for certification of an interlocutory appeal will be denied.

## BACKGROUND

Ali sued Noble and others[1] alleging that she was the victim of a fraud scheme in which Noble's stepfather induced Ali to sell her home to Noble at a value below market price, and then failed to deliver the money. Ali served Noble on November 13, 2002 and twice thereafter. When Noble did not respond after having been served three times, Ali sought and received an entry of default and then filed a motion for default judgment. (See Dkt. 33, 35, 36.)

Because Noble did not respond to Ali's motion, an order issued on August 13, 2004 directing Noble to show cause why Ali's motion for default judgment should not be granted. In response, Noble filed a motion to set aside entry of default. (See Dkt. 39.) His motion asserted the bare legal conclusion that he had not been personally served, but it failed to address Ali's allegations about service with factual particularity and it failed to include a verified answer as is required by Local Civil Rule 7(g). Ali opposed Noble's motion to set aside default entry and filed a notice of intent to seek sanctions if Noble did not

---

[1] Three other defendants have been voluntarily dismissed from this case.

-3-

amend his assertions that he had never been served.  (See
Dkt. 42, 44.)  In an order dated November 24, 2004, Noble was
directed to respond further to the show cause order and to
specifically answer all of Ali's factual allegations about
service upon Noble.  Noble filed a memorandum, affidavit, and
exhibits in response.  (See Dkt. 46, 47, 48.)  Noble's affidavit
was a picture of "studied ambiguity" and "almost contemptuously
non-compliant, reciting spare and selective facts[.]"  Mem. Op. &
Order, Jan. 6, 2006 ("Mem. Op.") at 18.  Ali filed documents
countering Noble's arguments and factual contentions and a motion
for sanctions under Rule 11, claiming that Noble's assertions
lacked evidentiary support, were not warranted on the evidence,
and were intended to and had the purpose of causing unnecessary
delay and needless increase to the cost of litigation.  (See
Dkt. 50, 51.)  Only after being ordered to do so by yet another
show cause order entered February 4, 2005 did Noble respond to
Ali's motion for sanctions.  (See Dkt. 52, 53, 54.)  Ali made
arguments and submitted evidence to refute Noble's position.
(See Dkt. 55, 56.)

    Ali's motion for sanctions was granted in part and denied in
part.  The memorandum opinion concluded that "Noble ha[d] played
a cat and mouse game in order to evade the jurisdiction of the
court," noted that he had engaged in a "disingenuous and
ultimately ineffective . . . evasion of service," Mem. Op. at 18

-4-

& n. 4, and found that "Ali ha[d] incurred unnecessary costs and prejudicial delay from Noble's insupportable failure to respond as required to the service of the summons and complaint." Id. at 19.  Noble's attorney was admonished for his part in what amounted "at least to a failure to conduct the required reasonable inquiry under the circumstances and to restrict legal contentions to those warranted by existing law." Id. at 18. Noble was warned not to cause further delay with his baseless claims that he had not been served, but no monetary sanctions were imposed.  Noble was also ordered to submit a verified answer to Ali's complaint no later than January 17, 2006 or risk entry of a default judgment. Id. at 19.  Noble did not initially comply with this order, but instead first submitted an unverified answer.  (See Dkt. 60.)  This answer was ordered stricken and Noble was ordered to comply in full with the court's January 6, 2006 order.  Then, and only then, did Noble finally submit a verified answer on January 24, 2006.  (See Dkt. 62, Ex. B.)

After the January 26, 2006 memorandum opinion had issued but before Noble had filed his verified answer, Ali filed a motion for reconsideration regarding the denial of monetary sanctions, seeking "all attorneys fees incurred in compelling Noble to answer to the jurisdiction of this court." (Dkt. 58, Pl.'s Mot.

-5-

for Recons. ("Mot. for Recons.") at 1.)[2]  Her request includes
the cost of serving Noble the second and third times, seeking the
entry of default, and filing the motion for default judgment.
(See id. at 1.)  She also filed a motion to certify for
interlocutory appeal the court's decision to permit Noble to file
a verified answer to avoid default judgment.  Noble has opposed
both the motion for certification and the motion for
reconsideration.  (See Dkt. 61, 62.)

## DISCUSSION

I.  SANCTIONS

Rule 11(b) of the Federal Rules of Civil Procedure is
designed to ensure that factual contentions presented to the
court are warranted by the evidence and that legal contentions
are warranted by existing law or a nonfrivolous extension of
existing law.  See Fed. R. Civ. P. 11(b).  Rule 11(c) authorizes
sanctions against any party, whether or not represented, who is
responsible for any violation of Rule 11(b).  See Fed. R. Civ.
P. 11(c).

The district court has the discretion to determine whether
the facts of the case warrant the imposition of sanctions.
Geller v. Randi, 40 F.3d 1300, 1304 (D.C. Cir. 1995).  In
determining whether to impose sanctions under Rule 11(b) or

---

[2]  Ali also filed a motion to certify an interlocutory
appeal.  (See Dkt. 59.)

11(c), the advisory committee notes that proper considerations may include "whether the improper conduct was willful, . . . whether it was part of a pattern of activity, . . . what effect it had on the litigation process in time or expense; . . . [and] whether the person responsible is trained in the law[.]"  Fed. R. Civ. P. 11 advisory committee's notes.

Noble was a law student at the University of Pennsylvania School of Law at the time he was first served and each time thereafter.  (See Dkt. 62, Opp'n to Pl.'s Mot. for Recons., Ex. A, Aff. of Anthony L. Noble, Jan. 23, 2006.)  He failed to respond after he was served by Ali not just once, but on three separate occasions.  He elected to ignore repeated summonses and the requirement of Federal Rule of Civil Procedure 12(a)(1)(A) that he respond to the complaint within twenty days.  Noble played a cat and mouse game in order to evade the jurisdiction of the court, and his attempt to evade service was "disingenuous."  His response to the show cause order was almost contemptuously non-compliant.  Mem. Op. at 18 & n.4.  Noble's pattern of evasion was willful, deliberate, and sustained over a period of time.

Noble's conduct has caused unnecessary delay and expense in this action.  Noble was initially under obligation to file a responsive pleading within twenty days of being served with Ali's complaint on November 13, 2002.  He did not do so.  The first answer Noble filed was more than four years past due.  His

-7-

failure to respond as required by Rule 12 prompted Ali to incur unnecessary expense by making two more attempts to serve him with process.  Eventually, his non-response caused Ali to seek an entry of default and prepare and file a motion for default judgment.

Then, when Noble filed his motion to vacate the clerk's entry of default on August 23, 2004, he incurred an obligation under Local Civil Rule 7(g) to file a verified answer with his motion.  See Local Civil Rule 7(g).  Noble failed to honor this obligation in August 2004, again in December 2004 in response to this court's order dated November 24, 2004, and for a third time in January 2006 in response to this court's order dated January 6, 2006.  Noble filed a verified answer only after three court orders had issued, with one striking his noncompliant answer.  Noble filed his verified answer seventeen months after he incurred the obligation.

Under these circumstances, monetary sanctions against Noble are warranted.  His conduct was willful, deliberate and repeated, and his quest to become an officer of a court of law should have sharpened and not dulled his sensitivity to the impropriety of his behavior.  His conduct substantially delayed the progress of this case and caused unnecessary expense for the plaintiff. Deterrence will be served best by requiring Noble to reimburse Ali for the additional expenses incurred in countering his

-8-

unwarranted attempts to evade this court's jurisdiction.  <u>See</u>
Rule 11 advisory committee notes (noting that deterrence may be
more effective when the responsible party is directed not only to
make a monetary payment, but also requires some or all of the
payment to be made to the injured party).  Because of Noble's
disingenuous conduct, Ali prepared and submitted several motions,
affidavits and exhibits that otherwise would have been
unnecessary.  These submissions include those associated with
following docket entry numbers:  33, 35, 42, 44, 50, 51, 55 and
56.  In addition, Ali was required to serve Noble twice
unnecessarily.  Noble will be held responsible for these
unnecessary expenses that were occasioned by his untenable
factual contentions and the untenable legal contentions spawned
by them.  Ali shall submit proof of costs related to preparing
and filing these submissions and the second two efforts to serve
Noble.

II. CERTIFICATION

     Ali has asked this court to certify under 28 U.S.C.
§ 1292(b) the following question for interlocutory appeal:
whether a default judgment against Noble − − without a right to
file an answer − − should be entered.  Ali acknowledges that this
circuit strongly favors trials on the merits, but says she is
aware of no case in which a defendant has delayed answering for
nearly two years and responded only to a show cause order

threatening default.  (<u>See</u> Dkt. 59, Pl.'s Mem. in Supp. of Mot.
for § 1292(b) Certification at 2.)  Noble opposes the motion,
arguing that there is no substantial difference of opinion on a
controlling issue of law.  (<u>See</u> Dkt. 61, Def.'s Opp'n to Pl.'s
Req. for Certification of Appeal at 3.)

Any decision, not otherwise appealable, that "involves a
controlling question of law as to which there is substantial
ground for difference of opinion," must be certified for an
interlocutory appeal if an immediate appeal might materially
advance the ultimate determination of the action.  28 U.S.C.
§ 1292(b).  The law in this circuit regarding default judgments
is clear and does not evince a substantial difference of opinion.
Default judgments are strongly disfavored when there is a
reasonable expectation that the action may be decided on the
merits.  "[T]he default judgment must normally be viewed as
available only when the adversary process has been halted because
of an essentially unresponsive party."  <u>Jackson v. Beech</u>, 636
F.2d 831, 836 (D.C. Cir. 1980) (quoting <u>H.F. Livermore Corp. v.
Aktiengesellschaft Gebruder Loepfe</u>, 432 F.2d 689, 691 (D.C.
Cir. 1970)).  As the court of appeals has noted,

> [d]efault judgments are not favored by modern courts,
> perhaps because it seems inherently unfair to use the
> court's power to enter and enforce judgments as a
> penalty for delays in filing.  Modern courts are also

-10-

reluctant to enter and enforce judgments unwarranted by
the facts.

Id. at 835.

Ever since the motion for default judgment was filed and the
related show cause order issued in August 2004, Noble has not
been unresponsive.  In keeping with this circuit's "strong
policies favoring the resolution of genuine disputes on their
merits," id., Noble was permitted to file a verified answer to
avoid entry of default judgment.  Because a trial on the merits
is within reach, and because there is no substantial difference
of opinion in this circuit on whether a trial on the merits is
preferred to a default judgment, Ali's motion for certification
under 28 U.S.C. § 1292(b) will be denied.

## CONCLUSION AND ORDER

Noble's attempts to evade service and his four-year delay in
filing a required responsive pleading was willful and part of a
sustained pattern over time that needlessly delayed the progress
of this action and has caused unnecessary expense for Ali.  Now
that Noble has made an appearance and filed a verified answer,
there is a reasonable expectation that Noble's liability for
Ali's claimed injuries will be determined on the merits, a result
strongly favored over a default judgment.  Accordingly, it is
hereby

ORDERED that Ali's motion (Dkt. 58) for reconsideration of
this court's order denying monetary sanctions be, and hereby is,

-11-

GRANTED, and monetary sanctions will be imposed on Noble.

Counsel for Ali is directed to submit proof of the fees and

expenses incurred in twice serving Noble in Philadelphia and in

the filings related to the entry of default and the motion for

default judgment, as are noted above by docket number.  It is

further

    ORDERED that Ali's motion (Dkt. 59) seeking certification of

an interlocutory appeal be, and hereby is, DENIED.

    SIGNED this 10th day of March, 2006.


                                      _____/s/_____

                                      RICHARD W. ROBERTS
                                      United States District Judge